| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | Joseph Duffy, Bar No. 241854<br>joseph.duffy@morganlewis.com |
| 3 | Megan A. Suehiro, Bar No. 316104<br>megan.suehiro@morganlewis.com |
| 4 | 300 South Grand Avenue<br>Twenty-Second Floor |
| 5 | Los Angeles, CA  90071-3132<br>Tel:   +1.213.612.2500 |
| 6 | Fax:  +1.213.612.2501 |
| 7 | Attorneys for Defendant<br>OLD NAVY, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | | Case No. 5:22-cv-01413-SSS-SP<br><br>**DEFENDANT OLD NAVY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Date: March 24, 2023<br>Time: 2:00 p.m.<br>Judge: Hon. Sunshine S. Sykes<br>Ctrm: 2 |

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 24, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, Defendant Old Navy, LLC ("Old Navy"), by and through its attorneys of record, will and hereby does move for an order dismissing with prejudice the First Amended Class Action Complaint, ECF No. 14 ("FAC"), filed by Plaintiff Miguel Licea ("Plaintiff").

This Motion is made pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the Motion.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place by telephone on January 26, 2023, and lasted approximately 15 minutes. The conference followed e-mail communications among counsel, including on January 24, 2023, which set forth Old Navy's arguments. David Reid, counsel for Plaintiff, and Joseph Duffy, counsel for Old Navy, took part in the telephone calls and have discussed arguments included in this Motion related to Plaintiff's claims, which the parties agreed could not be resolved.

Dated: February 3, 2023

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendant
OLD NAVY, LLC

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1
BACKGROUND ....................................................................................................... 2
LEGAL STANDARD ............................................................................................... 3
ARGUMENT ............................................................................................................. 4
I. PLAINTIFF'S SECTION 631 CLAIM SHOULD BE DISMISSED. ............ 4
    A. Old Navy Cannot Intercept Its Own Communications. ....................... 4
    B. Plaintiff Fails to Plead That Any Actual Interception Occurred. ......... 5
II. PLAINTIFF'S SECTION 632.7 CLAIM SHOULD ALSO BE
DISMISSED. ................................................................................................... 8
    A. Section 632.7 Exclusively Applies to Communications Between
Two Telephones and Is Inapplicable Here. .......................................... 8
    B. Any "Recording" Was Consented To. ................................................ 10
III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH
PREJUDICE. ................................................................................................. 11
CONCLUSION ........................................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT OLD NAVY, LLC'S
MOTION TO DISMISS

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adler v. Community.com, Inc.*,
  2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ...................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 3, 4

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ........................................................................ 11

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) ........................................................... 6, 7

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020), *cert. denied sub nom. Facebook, Inc.
  v. Davis*, 141 S. Ct. 1684 (2021) ...................................................................... 5

*In re Google Inc.*,
  2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ............................................... 10

*Graham v. Noom, Inc.*,
  533 F. Supp. 3d 823 (N.D. Cal. 2021) .............................................................. 5

*Hammerling v. Google LLC*,
  2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .................................................. 7

*Knell v. FIA Card Servs., N.A.*,
  2013 WL 12121237 (S.D. Cal. Feb. 21, 2013) ................................................. 9

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ............................................................................ 6

*Lindsay-Stern v. Garamszegi*,
  2016 WL 11745948 (C.D. Cal. Oct. 13, 2016) ............................................. 6, 7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................... 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

DEFENDANT OLD NAVY, LLC'S
MOTION TO DISMISS

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ................................................................. 6

*Moledina v. Marriott Int'l, Inc.*,
  2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) ............................................. 10, 11

*Montantes v. Inventure Foods*,
  2014 WL 3305578 (C.D. Cal. July 2, 2014) ................................................*passim*

*NovelPoster v. Javitch Canfield Group*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) .................................................................. 6

*People v. Black*,
  32 Cal.3d 1 (1982) ................................................................................................ 9

*Powell v. Union Pac. R.R. Co.*,
  864 F. Supp. 2d 949 (E.D. Cal. 2012) .................................................................. 4

*Quigley v. Yelp, Inc.*,
  2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ....................................................... 8

*Ribas v. Clark*,
  38 Cal.3d 355 (1985) ............................................................................................ 4

*Rodriguez v. Google LLC*,
  2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ......................................................... 7

*Rogers v. Ulrich*,
  52 Cal.App.3d 894 (1975) .................................................................................... 4

*Rosales-Martinez v. Palmer*,
  753 F.3d 890 (9th Cir. 2014) ................................................................................ 2

*Rosenow v. Facebook, Inc.*,
  2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ................................................... 6, 7

*Smith v. LoanMe, Inc.*,
  11 Cal.5th 183 (2021) ..................................................................................... 9, 10

*Steckman v. Hart Brewing, Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ............................................................................ 11

*Torres v. Nutrisystem, Inc.*,
  289 F.R.D. 587 (C.D. Cal. 2013) ....................................................................... 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DEFENDANT OLD NAVY, LLC'S
MOTION TO DISMISS

*Underhill v. Kornblum*,
    2017 WL 2869734 (S.D. Cal. Mar. 16, 2017) ........................................................ 6

*Warden v. Kahn*,
    99 Cal.App.3d 805 (1979) ............................................................................... 1, 4

*Whitaker v. Garcetti*,
    11 F. App'x 921 (9th Cir. 2001) ............................................................................ 9

*Williams v. What If Holdings, LLC*,
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .................................................. 5

**Statutes**

Cal. Penal Code § 631 ............................................................................................ 9

Cal. Penal Code § 631(a) ....................................................................................... 6

Cal. Penal Code § 632 ............................................................................................ 9

Cal. Penal Code § 632.7(a) ................................................................................ 8, 9

Cal. Penal Code § 633 ............................................................................................ 9

Cal. Penal Code § 633.02 ....................................................................................... 9

Cal. Penal Code § 633.05 ....................................................................................... 9

Cal. Penal Code § 633.5 ......................................................................................... 9

Cal. Penal Code § 633.6 ......................................................................................... 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

DEFENDANT OLD NAVY, LLC'S
MOTION TO DISMISS

# INTRODUCTION

This is one of a dozen lawsuits brought by Plaintiff Miguel Licea ("Plaintiff") alleging that communication through the chat feature on a retailer's website constitutes "wiretapping" in violation of the California Invasion of Privacy Act ("CIPA"). Despite targeting Old Navy, LLC ("Old Navy") in this lawsuit, Plaintiff does not allege any facts linking him to Old Navy's website chat feature. Plaintiff alleges that he visited Old Navy's website on some unspecified date during the past year, but glaringly omits any allegation that he actually used the chat feature on Old Navy's website. He does not allege that he is an Old Navy customer or provide any facts about any communication that he might have had with Old Navy. Nor does he allege he was harmed in any way by Old Navy's alleged actions. Plaintiff nevertheless seeks to turn Old Navy's routine customer service chat feature aimed to assist actual customers into a mechanism to extract a monetary windfall through the pressure of meritless litigation. Even accepting Plaintiff's allegations as true, he fails to state any claim.

**First**, Plaintiff's Section 631 wiretapping claim fails because Old Navy cannot "intercept" messages as a party to the communications at issue. Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to the conversation." *Warden v. Kahn*, 99 Cal.App.3d 805, 811 (1979). Plaintiff's allegations concede that Old Navy was a participant to chat communications on its website, *see, e.g.*, ECF No. 14, First Amended Class Action Complaint ("FAC") ¶¶ 11, 16, 33, foreclosing Plaintiff's Section 631 claim. Moreover, Plaintiff does not plausibly allege that any communications were intercepted "in transit" as required by Section 631. Each of these defects is an independent reason warranting dismissal of Plaintiff's Section 631 claim.

**Second**, Plaintiff's Section 632.7 claim fails because that section applies to communications ***between*** telephones. *See Montantes v. Inventure Foods*, 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014) (holding that to be subject to

Section 632.7, communications "must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side"). Plaintiff's theory of liability is based on communications with Old Navy's ***website chat feature***, not a telephone. The plain text of the statute, caselaw, and legislative history all confirm that Section 632.7 does not extend to the communications at issue here. In addition, the law is clear that parties to an internet chat consent to "recording" of their written messages.

For these reasons and the reasons set forth below, Plaintiff's claims should be dismissed in their entirety without leave to amend.

## BACKGROUND

Plaintiff's cookie cutter allegations follow nearly verbatim those in his other lawsuits.[1] Plaintiff alleges that sometime "[w]ithin the statute of limitations period, Plaintiff visited [Old Navy]'s Website." FAC ¶ 15. Plaintiff does not allege what, if anything, he did on Old Navy's website, nor does he allege that he used the chat feature on the website that serves as the basis for his claims. *See generally id.*

Plaintiff nevertheless brings this putative class action against Old Navy alleging that Old Navy "wiretaps the conversations of all website visitors and allows a third party to eavesdrop on the conversations" by "covertly embedd[ing] code into its chat feature that automatically records and creates transcripts of all such private conversations" and "allow[ing] at least one third party . . . to secretly intercept in real

---

[1] *See Licea v. Adidas Am., Inc.*, No. 5:22-cv-02077-FWS-SP (C.D. Cal.); *Licea v. Am. Eagle Outfitters Inc.*, No. 5:22-cv-01702-MWF-JPR (C.D. Cal.); *Licea v. Autozone Inc.*, No. CIV SB 2216467 (San Bernardino Superior Court); *Licea v. Caraway Home Inc.*, No. 5:22-cv-01791-JGB-SHK (C.D. Cal.); *Licea v. Fossil Group, Inc.*, No. 23STCV00942 (Los Angeles Superior Court); *Licea v. Gamestop Inc.*, No. 5:22-cv-01562-JGB-KK (C.D. Cal.); *Licea v. Glassparency Prods., Inc.*, No. 22STCV40411 (Los Angeles Superior Court); *Licea v. Luxottica of Am. Inc.*, No. 5:22-cv-01826-JGB-KK (C.D. Cal.); *Licea v. Puma N. Am., Inc.*, No. 5:22-cv-01939-SSS-KK (C.D. Cal.); *Licea v. The Talbots, Inc.*, No. CIV SB 2216443 (San Bernardino Superior Court); *Licea v. X-Chair, LLC*, No. 22STCV40421 (Los Angeles Superior Court). The Court may take judicial notice of the dockets and documents on file in other courts. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.") (citations omitted).

time, eavesdrop upon, and retain transcripts of [Old Navy]'s chat communications with unsuspecting website visitors." *Id.* ¶¶ 9, 11.

Given the absence of any communications with Old Navy of his own, Plaintiff alleges that Old Navy's communications "with ***the class*** were transmitted from cellular and/or landline telephony" and that Old Navy "did not inform ***Class Members***" that Old Navy was allegedly "recording their communications or allowing, aiding, and abetting a third party to eavesdrop on them." *Id.* ¶¶ 16, 17 (emphasis added). Similarly, Plaintiff alleges that Old Navy "did not obtain ***Class Members'*** express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did ***Class Members*** know at the time of the conversations that [Old Navy] was secretly wiretapping them and allowing third parties to eavesdrop on them." *Id.* ¶ 18 (emphasis added).

Based on the above allegations, Plaintiff asserts claims for violations of CIPA, Cal. Penal Code Sections 631 and 632.7. Plaintiff does not allege he was harmed in any way by Old Navy's alleged actions, but nevertheless seeks statutory and punitive damages, attorneys' fees and costs, and injunctive and other relief. *Id.* at 8-9 (Prayer for Relief).

## **LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Civil Procedure ("FRCP") requires plaintiffs to plead a claim with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a FRCP 12(b)(6) motion to dismiss only if it states "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility if the plaintiff pleads "factual content" sufficient for a court to reasonably infer the defendant is liable for the misconduct alleged, something "more than a sheer possibility" defendant "acted unlawfully." *Id.*

Plaintiffs must plead "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Moreover, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. In assessing plausibility, the Court must "draw on its judicial experience and common sense," and need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678, 679.

## ARGUMENT

### I.   PLAINTIFF'S SECTION 631 CLAIM SHOULD BE DISMISSED.

Section 631 "was aimed at one aspect of the privacy problem—eavesdropping, or the secret monitoring of conversations by third parties." *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985). Section 631 "prohibits three ways of obtaining information . . . : (1) tapping the line, (2) making an unauthorized connection with the line, and (3) reading, attempting to read, or learning the contents or meaning of a message while the message is in transit." *Rogers v. Ulrich*, 52 Cal.App.3d 894, 898 (1975). Plaintiff does not plead a viable theory of Section 631 liability.

### A.   Old Navy Cannot Intercept Its Own Communications.

Plaintiff's Section 631 claim is fundamentally flawed because it is based on the theory that Old Navy is "wiretapping" its own communications. The California Court of Appeals has long held that a party to the communication at issue cannot be held liable under Section 631 because "only a third party can listen secretly to a private conversation." *Rogers*, 52 Cal.App.3d at 899 ("It is never a secret to one party to a conversation that the other party is listening to the conversation[.]").

Accordingly, Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to the conversation." *Warden*, 99 Cal.App.3d at 811; *see also Ribas*, 38 Cal.3d at 359 ("Section 631 was aimed at . . . eavesdropping, or the secret monitoring of conversations ***by third parties***.") (emphasis added); *Powell v. Union Pac. R.R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) ("Published cases are in accord that Section 631 applies ***only to third parties*** and not participants.") (emphasis added). Consistent with these longstanding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT OLD NAVY, LLC'S
MOTION TO DISMISS

principles, Judge William Alsup recently dismissed a wiretapping claim brought under Section 631, finding that "[p]arties to a conversation cannot eavesdrop on their own conversation." *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022).[2]

Here, Plaintiff alleges that Old Navy violated Section 631 by recording and creating transcripts of communications between consumers and Old Navy on the chat feature on Old Navy's website. FAC ¶ 11. Plaintiff's allegations concede that Old Navy was a participant to the web chat communications at issue. *See, e.g.*, *id.* (describing "***Defendant's*** chat communications with unsuspecting website visitors") (emphasis added); *id.* ¶ 16 (alleging transmission of "***Defendant's*** communications with the class") (emphasis added); *id.* ¶ 33 (alleging transmission of "***Defendant's*** communication from the chat feature on its website") (emphasis added). As a party to the subject communications, Old Navy cannot be held liable for intercepting them as a matter of law. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020), *cert. denied sub nom. Facebook, Inc. v. Davis*, 141 S. Ct. 1684 (2021) ("[CIPA] contain[s] an exemption from liability for a person who is a 'party' to the communication."); *see also Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021) (holding that "a party to a communication can record it (and is not eavesdropping when it does)").

This failing alone provides sufficient grounds for dismissal of Plaintiff's Section 631 claim.

**B.** **Plaintiff Fails to Plead That Any Actual Interception Occurred.**

Plaintiff's Section 631 claim fails for the additional reason that he does not plausibly allege that any communications were intercepted in transit. To state a Section 631 claim, Plaintiff must plausibly allege that his communications were

---

[2] Judge Alsup additionally held that the website owner was not liable for deploying recording software on its website because the software was "merely a tool" used by the website owner to record its own communications with the plaintiff. *See Williams*, 2022 WL 17869275, at *3.

5            DEFENDANT OLD NAVY, LLC'S MOTION TO DISMISS

intercepted "in transit or passing over a wire, line, or cable." Cal. Penal Code § 631(a).

For a communication to be "intercepted," it "must be acquired ***during transmission***, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (emphasis added); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) (requiring that plaintiff plausibly allege the defendant "read or learned the contents of a communication while the communication was in transit, or in the process of being sent or received"); *NovelPoster v. Javitch Canfield Group*, 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) (holding that "interception" must occur "during transmission of the communication").[3] This definition is "consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'" *Konop*, 302 F.3d at 878; *see also NovelPoster*, 140 F. Supp. 3d at 952 (finding that interception cannot occur unless defendants somehow "halt the transmission of the messages to their intended recipients") (quotation omitted).

Caselaw from the Ninth Circuit "generally stands for the proposition that once an [electronic communication] has been received by the destination server, a communication becomes 'stored' and contemporaneous interception is no longer possible." *Lindsay-Stern v. Garamszegi*, 2016 WL 11745948, at *4 (C.D. Cal. Oct. 13, 2016) (brackets and quotation omitted). The Wiretap Act and Section 631 thus have "limited" application to electronic communications because transmission of electronic messages is "virtually instantaneous." *Id.*; *see also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1077-78 (N.D. Cal. 2015) (collecting cases).

Consistent with this authority, internet chat messages are one type of electronic communication to which Section 631 does not apply. In *Rosenow v. Facebook, Inc.*,

---

[3] Section 631's federal counterpart, 18 U.S.C. § 2511 ("Wiretap Act"), "makes it an offense to 'intentionally intercept . . . any wire, oral, or electronic communication.'" *Konop*, 302 F.3d at 876. "The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *NovelPoster*, 140 F. Supp. 3d at 954 (collecting cases); *see also Underhill v. Kornblum*, 2017 WL 2869734, at *6 (S.D. Cal. Mar. 16, 2017) (same).

2020 WL 1984062 (S.D. Cal. Apr. 27, 2020), the plaintiff alleged "Yahoo knowingly used an algorithm to intercept and scan [p]laintiff's incoming chat messages for content during transit and before placing them in electronic storage," and then "'reviewed the contents of [p]laintiff's electronic communications—including emails, messages, and chats' and provided the contents of [p]laintiff's communications to" a third party. *Id.* at *7. The court dismissed the wiretapping claim, holding that the "allegation that Yahoo intercepted [plaintiff's] communications during transit are conclusory" and plaintiff "fails to allege facts that support an inference that Yahoo 'captured or redirected' the contents of [plaintiff's] communications while in transit." *Id.*

Here, there is no plausible allegation that Old Navy "acted to learn the contents of the messages while they were, in a technical sense, in transit or in the process of being received." *Adler v. Community.com, Inc.*, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021). Plaintiff complains that Old Navy "embedded code ***into its chat feature***" to record and create transcripts of the conversations between Old Navy and consumers. FAC ¶ 11 (emphasis added). Plaintiff's own allegations thus concede that Old Navy could only "wiretap" or "eavesdrop upon" the communication ***once it reached the chat feature*** such that the alleged recording and transcript creation could occur. By that time, the communication is no longer in transit and Section 631 does not apply. *See Lindsay-Stern*, 2016 WL 11745948, at *4; *In re Carrier IQ, Inc.*, 78 F. Supp. 3d at 1077-78. Merely alleging an "interception," without any factual support, does not make it so.[4] *Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("[U]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting their data in transit.").

---

[4] Plaintiff also "fail[s] to allege that the [chats were] intercepted in California, as is required under" Section 631. *Hammerling v. Google LLC*, 2022 WL 17365255, at *11 (N.D. Cal. Dec. 1, 2022).

Plaintiff's Section 631 claim should be dismissed for this additional reason. *See Quigley v. Yelp, Inc.*, 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018) (dismissing Section 631 claims for failing to "allege[] facts giving rise to an inference that his communications were intercepted while 'in transit' as required under Section 631").

## II. PLAINTIFF'S SECTION 632.7 CLAIM SHOULD ALSO BE DISMISSED.

### A. Section 632.7 Exclusively Applies to Communications Between Two Telephones and Is Inapplicable Here.

Plaintiff's Section 632.7 claim fares no better because Plaintiff does not, and cannot, allege a "telephone" on both sides of the subject communications. Section 632.7 states: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio *telephones*, a cellular radio *telephone* and a landline *telephone*, two cordless *telephones*, a cordless *telephone* and a landline *telephone*, or a cordless *telephone* and a cellular radio *telephone*, shall be punished by" fines or imprisonment. Cal. Penal Code § 632.7(a) (emphasis added).

Section 632.7 thus includes an "exclusive list of five types of calls" and "only [the] types of phones listed in the statute are included." *Montantes*, 2014 WL 3305578, at *4, 5. To be subject to Section 632.7, communications "must have a cellular radio or cordless telephone on one side, ***and a cellular radio, cordless, or landline telephone on the other side***." *Id.* at *4 (emphasis added).

The legislative history for Section 632.7 confirms Section 632.7's exclusive focus on telephones: "section 632.7 responded to concerns that existing law did not prohibit the recordation of communications involving a cellular or cordless telephone," as there was "no prohibition against recording a conversation transmitted between cellular or cordless phones," but it was "illegal to intercept or record a

conversation between traditional telephones." *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 196 (2021) (quoting legislative history).[5]

Here, Plaintiff does not allege facts suggesting the chat was **between** telephones. Plaintiff does not even allege he communicated with Old Navy at all.[6] FAC ¶ 15. As to putative class members, he alleges that "class member conversations with [Old Navy] were transmitted from 'cellular radio telephones' and/or 'landline telephones.'" *Id.* At the other end of the communication, Plaintiff fails to allege Old Navy used any type of telephone at all and instead makes repeated use of the term "telephony." *Id.* ¶ 16 ("Defendant's chat communications from its website are transmitted to website visitors by either cellular telephony or landline telephony."); *id.* ("Defendant's communications with the class were transmitted from cellular and/or landline telephony[.]"). Plaintiff reasons that "[t]he Internet works through a series of networks that connect devices around the world through telephone lines." *Id.* Unlike other CIPA provisions, however, Section 632.7 does not mention "lines," "wires," or "telephony" and is strictly limited to "**telephones**." *See* Cal. Penal Code § 632.7(a) (emphasis added); *see also Montantes*, 2014 WL 3305578, at *4 (holding that there must be a "telephone" on both sides).

Plaintiff's attempts to contort reality aside, the alleged communication here is with a website chat function, not a telephone. Section 632.7 simply does not apply, warranting dismissal with prejudice of Plaintiff's Section 632.7 claim. *See Knell v.*

---

[5] The Legislature has elected not to amend Section 632.7 to expand beyond telephone communications despite amending and adding CIPA provisions since internet and website usage became widespread. *See, e.g.*, Cal. Penal Code §§ 631 (amended 2022), 632 (amended 2016), 633 (amended 2018), 633.02 (added 2015), 633.05 (added 2011), 633.5 (amended 2017), 633.6 (same). "[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes made in other respects, is indicative of an intention to leave the law unchanged in that respect." *People v. Black*, 32 Cal.3d 1, 9 (1982).

[6] Plaintiff's failure to plead that he used the chat feature is also fatal to Plaintiff's standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (finding that the "irreducible constitutional minimum of standing" requires that the plaintiff have suffered an "injury in fact" that is "fairly . . . traceable to the challenged action of the defendant") (brackets omitted). Plaintiff also has not demonstrated any risk of future "injury" and may not seek injunctive relief. *See Whitaker v. Garcetti*, 11 F. App'x 921, 922 (9th Cir. 2001).

*FIA Card Servs., N.A.*, 2013 WL 12121237, at *3 (S.D. Cal. Feb. 21, 2013) (dismissing claim under analogous Section 632.6(a) because "the FAC does not contain any facts suggesting the conversation occurred between" telephones).

### B. Any "Recording" Was Consented To.

"Consent is an express element of a claim under section 632.7." *Moledina v. Marriott Int'l, Inc.*, 2022 WL 16630276, at *7 (C.D. Cal. Oct. 17, 2022). "A party's awareness" they are being recorded can demonstrate they "impliedly consented to the recording." *Id.* Parties who "actually expected the [communication] to be recorded" can be deemed to have consented by simply initiating the communication. *Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 594 (C.D. Cal. 2013).

Relevant here, parties "cannot have a reasonable expectation that their online communications will not be recorded" because "internet chats" are "by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet." *In re Google Inc.*, 2013 WL 5423918, at *22-23 (N.D. Cal. Sept. 26, 2013) (collecting cases). The California Supreme Court has observed that written communications "lead to a reasonable inference that a party sending [the] communication has consented to having it recorded by the intended recipient" because "recordation would be expected with a facsimile or text transmission, for example." *Smith*, 11 Cal.5th at 194 n.4; *see also Montantes*, 2014 WL 3305578, at *3 ("A party who has sent a communication such as an image or facsimile that is necessarily recorded upon receipt has certainly consented to that recording by the intended recipient.").

Here, the communications at issue are written "chat communications" initiated by putative class members through Old Navy's website.[7] FAC ¶¶ 15, 16. Given that the communications were in writing, they were "necessarily recorded upon receipt," such that putative class members who allegedly engaged in the conversations

---

[7] As noted above, Plaintiff does not allege he engaged in any communications with Old Navy. FAC ¶ 15.

"certainly consented to that recording." *Montantes*, 2014 WL 3305578, at *3. Plaintiff has thus "failed to make a prima facie showing of a right to relief" under Section 632.7, and his claim should be dismissed. *Moledina*, 2022 WL 16630276, at *7.

### III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Leave to amend "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted). A court's discretion to deny leave to amend is "particularly broad" where, as here, Plaintiff has previously amended the complaint. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

Plaintiff has already amended his pleadings and cannot cure the existing defects by further amendment because the fundamental premise of his CIPA claims do not support any basis of liability. *See supra* Sections I, II. Plaintiff's claims should be dismissed with prejudice. *See Steckman*, 143 F.3d at 1298.

### CONCLUSION

For the reasons stated above, Plaintiff's claims should be dismissed in their entirety and with prejudice.

Dated: February 3, 2023                MORGAN, LEWIS & BOCKIUS LLP


By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendants
OLD NAVY, LLC