UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MIGUEL LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01413-SSS-SP<br><br>**[PROPOSED] ORDER DENYING DEFENDANT OLD NAVY, LLC'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** |

On February 3, 2023, Defendant filed Defendant's Motion to Dismiss First Amended Class Action Complaint under Fed. R. Civ. P. 8(a) and 12(b)(6).  (Doc. 29.)

The court, having considered Defendant's Motion, and finding good cause, hereby DENIES the Motion and ORDERS as follows:  The Motion to Dismiss First Amended Complaint ("FAC") is denied.

As an initial matter, the FAC sufficiently alleges the requirements of Article III standing.  *See, e.g.*, *Raffin v. Medicredit, Inc.*, 2016 WL 7743504, at *2-*3 (C.D. Cal.

1    Dec. 19, 2016) (King, J.); *Osgood v. Main Street Marketing, LLC*, 2017 WL 131829, at
2    *7-*8 (S.D. Cal. Jan. 13, 2017).

3         Second, the claim under the first clause of section 631(a) of the California Penal
4    Code states a plausible claim for relief.

5         The FAC sufficiently alleges that Plaintiff's rights under the second clause of
6    section 631(a) of the California Penal Code were violated by both Defendant and an
7    independent, third party. *Cf. Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 188, 194, 198-
8    200 (2021). The broad public policy underlying the California Invasion of Privacy Act
9    ("CIPA"), Cal. Penal Code § 630 *et seq.*, as set forth in section 630 of the California
10   Penal Code supports a broad interpretation of the second clause.

11        The FAC plausibly alleges the "while" "in transit or passing over" provision of
12   section 631(a). (FAC ¶ 11); *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 848 (N.D.
13   Cal. 2014) ("[T]he complaint's allegation that users' messages were intercepted in
14   transit is to be taken as true at this stage of the case."); *Byars v. The Goodyear Tire &*
15   *Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, at *4 (Sykes, J.) (citing
16   *Campbell*).

17        Furthermore, the FAC plausibly alleges that an independent, third party violated
18   the second clause. (FAC ¶ 11); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520-21 (C.D.
19   Cal. 2021) (Aenlle-Rocha, J.), and *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330,
20   at *2 (N.D. Cal. Oct. 23, 2019).

21        Given that Plaintiff has sufficiently alleged that his rights were violated under
22   both the first and second clauses of section 631(a), the FAC states a claim under the
23   third and fourth clauses of section 631(a). As was the case in *Revitch*, the defendant
24   website merchant "violated section 631 by ***enabling*** [a third party's] wrongdoing."
25   *Revitch*, 2019 WL 5485330, at *2 (emphasis added), *quoted in Saleh*, 562 F. Supp. 3d
26   at 521; *Revitch*, 2019 WL 5485330, at *2 ("it does not follow that parties to
27   communications are immune from section 631 liability.").

28

1    The claim under section 632.7 of the California Penal Code states a plausible

2    claim for relief.  As an initial matter, "there is no requirement that [Plaintiff] allege the

3    type of telephonic device used by [Defendant]."  *Byars*, 2023 WL 1788553, at *5

4    (citing *Roberts v. Wyndham Int'l, Inc.*, 2012 WL 6001459, at *4 (N.D. Cal. Nov. 30,

5    2012) ("In light of the dearth of case law suggesting the telephone format of both

6    parties to a conversation must be alleged for a Section 632.7 claim, the court declines

7    Defendants' invitation to require that Plaintiffs make such additional allegations.").

8    Moreover, the Court broadly construes the term, "landline telephone," in section

9    632.7(a) of the Penal Code, which is undefined, *functionally* as encompassing

10   Defendant's computer equipment, which connected with Plaintiff's device to transmit

11   and receive Plaintiff's chat communications.  *In re Google Inc.*, 2013 WL 5423918, at

12   *21 (N.D. Cal. Sept. 26, 2013).  Indeed, in *Roberts*, *supra*, the court noted that Voice

13   over Internet Protocol "requires ***internet access*** and therefore ***ostensibly could be***

14   ***construed as a landline form of telephone communication***[.]"  2012 WL 6001459, at

15   *4 (emphasis added) (citing 47 C.F.R. § 9.3).  *See also Cody v. Boscov's, Inc.*, No.

16   8:22-cv-01434-SSS-KK, Doc. 47 at 6:1-18 (C.D. Cal. Mar. 3, 2023) (Sykes. J.) (citing

17   *McCabe v. Six Continents Hotels, Inc.*, 2014 WL 465750, at *3 (N.D. Cal. Feb. 3,

18   2014) (citing cases)).

19   The FAC sufficiently alleges lack of consent.  (FAC ¶¶ 17-18, 34.)

20

21   Dated:  <Select>

22

23                                        _____

24                                             Sunshine S. Sykes
                                             United States District Judge
25

26

27

28

3