MORGAN, LEWIS & BOCKIUS LLP
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
OLD NAVY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIGUEL LICEA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

OLD NAVY, LLC, a Delaware corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No. 5:22-cv-01413-SSS-SP

**DEFENDANT OLD NAVY, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Date: March 24, 2023
Time: 2:00 p.m.
Judge: Hon. Sunshine S. Sykes
Ctrm: 2

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff's Section 631 Claim Should be Dismissed. .......... 2

1. The well-established "party exemption" forecloses Plaintiff's direct liability claim. .......... 2

2. Plaintiff's claim for derivative liability fails. .......... 4

3. Plaintiff fails to plead any actual interception. .......... 6

B. Plaintiff's Section 632.7 Claim Should be Dismissed. .......... 8

1. Section 632.7 is inapplicable to the web chats at issue. .......... 8

2. Plaintiff cannot refute his consent to recordation of any alleged written web chat communications. .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7

*Bostock v. Clayton County*,
140 S. Ct. 1731 (2020) .......... 9

*Byars v. The Goodyear Tire & Rubber Co.*,
2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) .......... 8

*Byars v. Hot Topic, Inc.*,
2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) .......... *passim*

*Campbell v. Facebook Inc.*,
77 F. Supp. 3d 836 (N.D. Cal. 2014) .......... 6, 7

*Cody v. Boscov's, Inc.*,
2023 WL 2338302 (C.D. Cal. Mar. 3, 2023) .......... *passim*

*Davis v. Facebook, Inc.*,
956 F.3d 589 (9th Cir. 2020) .......... 2

*In re Facebook, Inc. Sec. Litig.*,
477 F. Supp. 3d 980 (N.D. Cal. 2020) .......... 7

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......... 3

*Javier v. Assurance IQ, LLC*,
2023 WL 114225 (N.D. Cal. Jan. 5, 2023) .......... 6

*Jose Licea v. Cinmar, LLC*,
2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) .......... 1, 8, 9

*Kearney v. Salomon Smith Barney, Inc.*,
39 Cal.4th 95 (2006) .......... 4

*Lindsay-Stern v. Garamszegi*,
2016 WL 11745948 (C.D. Cal. Oct. 13, 2016) .......... 6

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129 (E.D. Cal. 2021) .......... 6, 9

*McCabe v. Six Continents Hotels, Inc.*, 2014 WL 465750 (N.D. Cal. Feb. 3, 2014) .......... 8, 9

*Miguel Licea v. Am. Eagle Outfitters, Inc.*, No. 5:22-cv-01702-MWF-JPR (C.D. Cal. Mar. 7, 2023) .......... 1

*Miguel Licea v. Caraway Home Inc.*, 2023 WL 1999496 (C.D. Cal. Feb. 9, 2023) .......... 1

*Montantes v. Inventure Foods*, 2014 WL 3305578 (C.D. Cal. July 2, 2014) .......... 10

*People v. Conklin*, 12 Cal.3d 259 (1974) .......... 3

*Ribas v. Clark*, 38 Cal.3d 355 (1985) .......... 2, 3, 4

*Rodriguez v. Google LLC*, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) .......... 7

*Rogers v. Ulrich*, 52 Cal.App.3d 894 (1975) .......... 3

*Rosenow v. Facebook, Inc.*, 2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) .......... 7

*Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021) .......... 6, 7

*Smith v. LoanMe, Inc.*, 11 Cal.5th 183 (2021) .......... 4, 10

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .......... 7

*Williams v. What If Holdings, LLC*, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .......... 3, 4, 5, 6

*Yoon v. Lululemon U.S.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 6

**Statutes**

Cal. Penal Code § 630 .............................................................................................3

Cal. Penal Code § 631 ......................................................................................*passim*

Cal. Penal Code § 631(a)..................................................................................*passim*

Cal. Penal Code § 632.7 ...................................................................................*passim*

## I. INTRODUCTION

Plaintiff's opposition is a futile attempt to defend a cookie cutter complaint that has been dismissed in virtually identical cases, including two in which he is a plaintiff, and another before this Court.[1] Plaintiff attempts to hold Old Navy, LLC ("Old Navy") liable under the same two provisions of the California Invasion of Privacy Act ("CIPA") that have been held not to apply to alleged "wiretapping" of internet chat communications. In attempt to steer the Court toward a different result, Plaintiff's opposition strays from the plain text of the statute, obfuscates the issues, and misconstrues longstanding precedent. No amount of posturing can save Plaintiff's claims, which should be dismissed with prejudice.

***First***, Plaintiff's Section 631 claim fails because the well-established "party exemption" forecloses any direct liability claim and Plaintiff's conclusory allegations about possible third party "interception" of communications do not support a finding of derivative liability. Moreover, Plaintiff fails to plead any actual interception of a communication in transit.

***Second***, Plaintiff's Section 632.7 claim fails because the plain text of the statute dictates that it only applies to communications involving two telephones, and Courts are in near-unanimous agreement that Section 632.7 does not apply in the context of online text-based communications like those at issue here. In addition, Plaintiff cannot refute his consent to any alleged "recording" given that written chat communications are, by nature, necessarily recorded on the computer of the recipient.

For all the reasons in the Motion and as explained further below, Plaintiff's First Amended Complaint ("FAC") should be dismissed without leave to amend.

---

[1] *See Cody v. Boscov's, Inc.*, 2023 WL 2338302 (C.D. Cal. Mar. 3, 2023); *Byars v. Hot Topic, Inc.* ("*Hot Topic*"), 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023); *Miguel Licea v. Caraway Home Inc.*, 2023 WL 1999496 (C.D. Cal. Feb. 9, 2023); *Jose Licea v. Cinmar, LLC*, 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023); *Miguel Licea v. Am. Eagle Outfitters, Inc.*, No. 5:22-cv-01702-MWF-JPR (C.D. Cal. Mar. 7, 2023). In *Caraway Home*, which was brought by Plaintiff and his counsel, Judge Bernal condemned the "cookie cutter" nature of these lawsuits, which are copy and paste versions of each other. *See Caraway Home*, 2023 WL 1999496, at *6. The pleading deficiencies found in the other cases exist here as well.

## II. ARGUMENT

Plaintiff does not plead "injury in fact," whether to his "dignitary interest" or otherwise (Opp. at 1-4), given his failure to allege that he used Old Navy's chat feature in the first place. *See* Mot. at 9 n.6. His claims additionally fail on the merits.

### A. Plaintiff's Section 631 Claim Should be Dismissed.

#### 1. The well-established "party exemption" forecloses Plaintiff's direct liability claim.

Section 631 "exempts from liability any individual or entity who is a 'party' to the 'communication,' so that one participant in a conversation cannot be held to have wiretapped another." *Cody*, 2023 WL 2338302, at *2 (citing *Davis v. Facebook, Inc.*, 956 F.3d 589, 607 (9th Cir. 2020)). As set forth in the Motion, both state and federal courts are in accord that ***Section 631 applies only to third parties and not participants***. *See* Mot. at 4-5 (citing cases). Indeed, district courts are bound by the California Supreme Court's decision affirming the party exemption in *Ribas v. Clark*, 38 Cal.3d 355, 359 (1985).[2] *See Hot Topic*, 2023 WL 2026994, at *9.

Plaintiff does not dispute that Old Navy was a party to the alleged web chats at issue, dooming any claim for direct liability against Old Navy under Section 631. *See, e.g.*, *Cody*, 2023 WL 2338302, at *2 (applying the "well-established 'party exception,'" and finding that amendment would be futile); *Hot Topic*, 2023 WL 2026994, at *8-9 (expressly declining to ignore the many cases finding a direct party exemption under Section 631(a)). Discussion of Plaintiff's 631 claim for direct liability should end there. Yet, Plaintiff spends pages of his opposition arguing that the Court should find an entire line of cases somehow misinterpreted Section 631 and the well-established "party exemption" should thus be ignored. *See* Opp. at 4-13. Plaintiff's arguments, many of which have already been rejected in his other

[2] Plaintiff attempts to discredit *Ribas*, stating that "*Ribas* had no occasion to decide the question as to whether section 631 included the conduct of participants to wire communications." Opp. at 8. But *Ribas* clearly acknowledges that "Section 631 does not penalize the secret recording of a conversation by one of the ***participants***." 38 Cal.3d at 360 & n.3 (italics in original).

"wiretapping" cases, lack merit.

Plaintiff first relies on *People v. Conklin*, 12 Cal.3d 259, 270 (1974), to argue that unlike the Federal Wiretap Act, Section 631 contains no direct party exemption. Opp. at 4. As Judge Bernal explained in *Hot Topic*, however, this argument "conflates two issues and exceptions: the direct party exception and the consent exception." 2023 WL 2026994, at *9. Consent issues are distinct from Section 631's party exemption, and Plaintiff's reliance on *Conklin* and other issues of "consent" in this context are therefore misplaced.[3] *Id.*

Plaintiff next argues that *Rogers v. Ulrich*, 52 Cal.App.3d 894 (1975), was wrongly decided because it omitted portions of the statutory language from its decision. Opp. at 6-8. But no specific statutory language is needed to reach *Rogers*' common-sense conclusion that "[i]t is never a secret to one party to a conversation that the other party is listening to the conversation; ***only a third party can listen secretly to a private conversation***." 52 Cal.App.3d at 899 (emphasis added). Plaintiff does not identify any case endorsing his criticism of *Rogers*, and Plaintiff concedes that *Rogers* is only one in a long line of cases expressly applying the party exemption to Section 631 claims. *See* Opp. at 6. Plaintiff does not offer any logical reason why an entire line of precedent should be overturned.

Plaintiff also seems to argue that *Rogers* did not fully grasp the public policy underpinnings of Section 631. *Id.* at 7. In Plaintiff's view, the legislative declaration "to protect the right of privacy of the people of this state" supports his interpretation that a party to a conversation can be held liable for eavesdropping. *See id.* (quoting Cal. Penal Code § 630). Plaintiff quotes *Ribas* as stating that "[t]his philosophy appears to lie at the heart of virtually all the decisions construing the Privacy Act."

---

[3] Plaintiff also seeks to rely on cases interpreting prior versions of Section 631 as purportedly requiring "consent of the subscriber to the telephone" for a legal wiretap. *See* Opp. at 5. In addition to conflating the "consent" issue, these cases highlight that Section 631(a) "concerns ***telephonic*** wiretapping specifically, which does not apply to the context of the internet." *See Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (citing *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020)) (emphasis added).

*Id.* But even with this philosophy in mind, *Ribas* found that "Section 631 was aimed at . . . eavesdropping, or the secret monitoring of conversations ***by third parties***." 38 Cal.3d at 359 (emphasis added). Plaintiff's circular arguments about public policy have no bearing on Section 631's party exemption.[4]

Finally, Plaintiff argues that *Smith v. LoanMe, Inc.*, 11 Cal.5th 183 (2021), "provides important guidance," but Plaintiff's discussion focuses on Section 632.7, not 631, and thus is misplaced. Opp. at 8-9.

Plaintiff's idiosyncratic views of Section 631 cannot supplant the "well-established" party exemption that precludes Plaintiff's direct liability claim. Plaintiff's cause of action for direct liability pursuant to Section 631 should be dismissed without leave to amend. *See, e.g.*, *Cody*, 2023 WL 2338302, at *2; *Williams*, 2022 WL 17869275, at *2 (rejecting direct liability of website owner under Section 631(a) because "[p]arties to a conversation cannot eavesdrop on their own conversation").

**2. Plaintiff's claim for derivative liability fails.**

Plaintiff argues, in the alternative, that Old Navy should be liable because it "employed an independent, third party eavesdropper" who violated the second clause of Section 631(a). Opp. at 10. As this Court recently held, to establish Section 631 derivative liability, a plaintiff must "provide facts suggesting that [a third party vendor is] recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant." *Cody*, 2023 WL 2338302, at *2. The question is "whether [the third party vendor] was an independent third party hired to eavesdrop on [Old Navy's] communications, or whether [the third party vendor's] software was merely a tool that [Old Navy] used to record its own communications with plaintiff." *Williams*, 2022 WL 17869275, at *3.

[4] Plaintiff also fails to identify any conflict with *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95 (2006), which addressed consent issues with regard to the alleged recording of telephone conversations under Section 632. Opp. at 7-8.

*Williams*, which is consistent with this Court's approach in *Cody*, is instructive. There, the plaintiff alleged that the defendant deployed a third party's (ActiveProspect's) recording software on the defendant's websites and that the recordings were stored and accessed on ActiveProspect's servers. *Id.* The court held that "[t]hese limited allegations are not enough to show that ActiveProspect was a third-party eavesdropper as contemplated by Section 631(a)." *Id.* The court rejected the argument, similar to one Plaintiff makes here, that "if ActiveProspect is not considered a third party, then website owners can always circumvent Section 631(a) by hiring a vendor to record communications." *Id.* The "relevant inquiry" is "whether a website owner's usage of third-party recordation software can be considered equivalent to having hired a third party to record." *Id.* Courts will look to "whether or not the alleged third-party software provider aggregates or otherwise processes the recorded information, which might suggest that the software vendor independently 'uses' the gathered data in some way." *Id.* (citations omitted). Because the plaintiff failed to plead facts regarding such usage, the court held that there could be no derivative liability on the part of the website owner. *Id.* at *3-4.

The same is true here. In support of his derivative liability claim, Plaintiff cites just one paragraph of his complaint, which alleges in conclusory fashion that Old Navy "allows at least one third party (on information and belief, Salesforce and/or its affiliated [sic]) to secretly intercept in real time, eavesdrop upon, and retain transcripts of [Old Navy]'s chat communications with unsuspecting website visitors." Opp. at 10 (citing FAC ¶ 11). This barebones allegation provides no facts suggesting that Salesforce (or any other third party vendor) is recording Old Navy's customers' information for its independent use. Moreover, this conclusory allegation provides ***even less*** factual support than the allegation in *Cody*, which this Court found "too vague and conclusory" to survive a motion to dismiss. 2023 WL 2338302, at *2.

Plaintiff attempts to rely on facts pled in other cases to support his position that "an independent, third party company violated the second clause as an

eavesdropper." Opp. at 10. The allegations here are materially different.[5] And what may have been sufficiently pled in other cases cannot change the fact that Plaintiff's conclusory allegations here as to the supposed involvement of "Salesforce and/or its affiliate[s]" fall far short. *See* FAC ¶ 11; *cf. Cody*, 2023 WL 2338302, at *2.

**3. Plaintiff fails to plead any actual interception.**

Plaintiff's Section 631 claim fails for the independent reason that he does not plausibly allege that any communications were intercepted in transit. *See* Mot. at 5-8. The second clause of Section 631(a) requires that messages be intercepted while in transit. *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1135 (E.D. Cal. 2021) ("[T]he second clause only imputes liability when the defendant reads, or attempts to read, a communication that is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within California.") (internal quotation marks omitted) (emphasis in original).[6]

Plaintiff argues that paragraphs 11 and 28 of the FAC suffice to satisfy the interception element of his Section 631 claim. Opp. at 13. But neither paragraph provides any factual support for the barebones allegation that chat communications were "intercept[ed]." *See* FAC ¶¶ 11, 28. Plaintiff urges the Court to accept his conclusory allegations based on the statement in *Campbell v. Facebook Inc.* that "the complaint's allegation that users' messages were intercepted in transit is to be taken as true at this stage of the case." 77 F. Supp. 3d 836, 848 (N.D. Cal. 2014). But the

[5] *Williams* distinguishes the cases upon which Plaintiff seeks to rely on the grounds that they "involved recordation software of a much broader scope." *See Williams*, 2022 WL 17869275, at *4 (observing *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021), and *Yoon v. Lululemon U.S.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021), alleged use of recordation software that "extend[ed] beyond the ordinary function of a tape recorder"). *Javier v. Assurance IQ, LLC*, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023), similarly involved allegations that the third party vendor could use information gathered from the owner's website for other purposes. *Id.* at *6 (likening the allegations to those in *Yoon*).

[6] Although Plaintiff attempts to discredit *Mastel*, Opp. 14-15, other courts interpreting the identical interception requirement under the Federal Wiretap Act similarly find that for a communication to be "intercepted," it must be acquired during transmission. *See* Mot. at 6 (citing cases). While "[o]ther circuits have elevated the *contemporaneous* requirement over the particulars of whether an [electronic communication] is in *transmission*… the Ninth Circuit has made clear that transmission is the critical inquiry." *Lindsay-Stern v. Garamszegi*, 2016 WL 11745948, at *5 (C.D. Cal. Oct. 13, 2016) (emphases in original).

plaintiffs in *Campbell* alleged far more than Plaintiff does here. The court found that the plaintiffs plausibly alleged that Facebook intercepted communications in transit based on factual allegations that Facebook scanned private messages sent to other users, as well as to non-users at addresses outside Facebook's network. *See id.* In the absence of any factual support here, Plaintiff's allegation that messages were "intercepted" are mere "labels and conclusions" that fall short of *Twombly*'s clear standard.[7] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7-8 (S.D. Cal. Apr. 27, 2020) (dismissing Wiretap Act claim for failing to sufficiently allege interception).

Plaintiff also analogizes his FAC to cases involving "Session Replay" software technology, Opp. at 13-14, but Session Replay is not at issue here. As Plaintiff acknowledges, plaintiffs in the Session Replay cases specifically pled that the technology "records the website user's interactions locally in the user's browser in real time, and then transmits that information to [the third party's] recording servers every few seconds, which [the third party] then makes available to its clients." *Saleh*, 562 F. Supp. 3d at 521. Plaintiff makes no such factual allegations here, but nevertheless asks the Court to "infer from the FAC's allegations that Defendant and its third party use similar embedded computer code to capture the website user's interactions while using Defendant's chat feature." Opp. at 14. The Court cannot read into the FAC "unwarranted deductions of fact" and "unreasonable inferences." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And Plaintiff's opposition is not an opportunity to rewrite his plainly deficient complaint. *See In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1020 (N.D. Cal. 2020) ("It is well established that a complaint may not be amended by briefs in opposition to a motion to dismiss."). Plaintiff's Section 631(a) claim fails for this additional reason.

[7] Plaintiff argues that reliance on *Rodriguez v. Google LLC*, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022), is "akin to comparing apples to oranges," Opp. at 15-16, but *Rodriguez* stands for the basic proposition that "using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting their data in transit." 2022 WL 214552, at *2. *Rodriguez* thus speaks directly to the inadequacy of Plaintiff's FAC.

**B. Plaintiff's Section 632.7 Claim Should be Dismissed.**

**1. Section 632.7 is inapplicable to the web chats at issue.**

Section 632.7 imposes liability on any person who, without consent, "intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." As in *Cody*, Plaintiff fails to allege that he used a telephone covered by the statute to access Old Navy's website. *See* FAC ¶ 15. Plaintiff's Section 632.7 claim should be dismissed on this ground alone. *Cody*, 2023 WL 2338302, at *3.

Although this Court's decision in *Cody* left open the possibility of a Section 632.7 claim involving only one telephone, two judges in this district recently rejected the possibility of a Section 632.7 claim in this context. *See Hot Topic*, 2023 WL 2026994, at *10 ("The unambiguous meaning of [Section 632.7] is . . . that it only applies to communications involving two telephones."); *Cinmar, LLC*, 2023 WL 2415592, at *11 ("[S]ection 632.7 only applies to the five types of calls enumerated" in the statute). In analyzing this issue, Judge Bernal observed that with just one exception, "courts universally agree[] that the statutory language of Section 632.7 would not apply in the context of text-based communications on a website." *Hot Topic*, 2023 WL 2026994, at *11 (discussing *Byars v. The Goodyear Tire & Rubber Co.*, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023)).

Judge Bernal respectfully declined to follow *Goodyear*, finding that "*Goodyear*'s reasoning rests on the false premise that Goodyear was using a telephone at all" when the allegations "make it abundantly clear that it was *not* using a telephone," but was accused of embedding code into its chat feature. *Id.* While *Goodyear* cites *McCabe v. Six Continents Hotels, Inc.*, 2014 WL 465750, at *3 (N.D. Cal. Feb. 3, 2014), for the proposition that Section 632.7 may apply where only "one of the parties is using a cellular or cordless telephone," Judge Bernal observed that

*McCabe* does not support this broad proposition. *Hot Topic*, 2023 WL 2026994, at *11. *McCabe* simply rejected the defendant's argument that plaintiff needed to rule out the possibility that defendant was using Voice Over Internet Protocol (VoIP) technology to record phone calls, as opposed to an ordinary telephone. *See* 2014 WL 465750, at *3. Because VoIP telephone calls are similar to the traditional telephone, there was no doubt that the facts in *McCabe* involved a call ***between*** telephones, in stark contrast to the facts here. *See Hot Topic*, 2023 WL 2026994, at *11.

Plaintiff additionally argues that "the Court should broadly construe the term, 'landline telephone,' in section 632.7(a) of the Penal Code . . . ***functionally*** as encompassing Defendant's computer equipment, which connected with Plaintiff's smart phone to transmit and receive Plaintiff's chat communications." Opp. at 17. Judge Bernal called this argument an "enormous stretch," finding that "Plaintiff provides no valid authority or explanation why the Court should adopt a construction of the statute so fundamentally at war with its text other than it would allow [Plaintiff] to possibly state a claim for relief." *Hot Topic*, 2023 WL 2026994, at *12. The Court is bound to follow the express terms of the statute. *See Bostock v. Clayton County*, 140 S. Ct. 1731, 1737 (2020) ("When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all person are entitled to its benefit.").

Because the communications at issue here do not involve two telephones, Plaintiff's Section 632.7 claim fails as a matter of law.[8] *See Hot Topic*, 2023 WL 2026994, at *12 (dismissing Section 632.7 claim without leave to amend); *Cinmar, LLC*, 2023 WL 2415592 (same).

[8] Even if Plaintiff were able to demonstrate Old Navy's use of a "telephone," any purported web chat communications by smartphone similarly fail to qualify as "telephone" communication. *See Mastel*, 549 F. Supp. 3d at 1135-36 (tool allowing user to copy and paste text is a "feature of the portion of the iPhone that functions ***as a computer***, not a phone" and therefore is not a "telephone instrument") (emphasis added); *Cinmar*, 2023 WL 2415592, at *12 (use of function on smart phone that "operates like a computer . . . falls outside of the scope of section 632.7").

**2. Plaintiff cannot refute his consent to recordation of any alleged written web chat communications.**

The Motion provides ample legal support demonstrating that in the specific factual scenario here, where one party sends a ***written communication*** such as an "internet chat," that party "cannot have a reasonable expectation that their online communications will not be recorded" because such written communications, "by their very nature" are recorded on the computer of at least the recipient. Mot. at 10 (citing cases). Plaintiff does not address this directly applicable authority, and instead focuses on consent in the distinct context of telephone calls. *See* Opp. at 18.

After devoting an entire section to the argument that *Smith v. LoanMe, Inc.* "provides important guidance," Opp. at 8-9, Plaintiff seeks to discredit *Smith*'s finding that certain written communications "lead to a reasonable inference that a party sending [the] communication has consented to having it recorded by the intended recipient" because "recordation would be expected with a facsimile or text transmission, for example." 11 Cal.5th at 194 n.4. While Plaintiff characterizes *Smith*'s observation as dictum, Opp. at 19, it plainly reflects the California Supreme Court's acknowledgment that the nature of the communication can demonstrate a party's consent to recording.[9] And nothing about *Smith*'s guidance renders any portion of Section 632.7 "mere surplusage." *Id.* Certain transmissions may not lead to a reasonable inference of consent, but that simply is not the case here, where a party voluntarily undertakes to send a written internet chat communication that will necessarily be recorded on the computer of the recipient.

## III. <u>CONCLUSION</u>

Following the decisions dismissing virtually identical complaints, including this Court's recent decision in *Cody v. Boscov's, Inc.*, and for all of the foregoing reasons, Old Navy's Motion should be granted in its entirety.

---

[9] Plaintiff implies that consent here would be "retroactive," Opp. at 19, but a party sending a written web chat message would know prior to sending that it is a written message, by nature recorded by the recipient. *See Montantes v. Inventure Foods*, 2014 WL 3305578, at *3 (C.D. Cal. July 2, 2014).

Dated: March 10, 2023

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendant
OLD NAVY, LLC

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Old Navy, LLC, certifies that this brief contains 3,752 words, which complies with the word limit of L.R. 11-6.1. Counsel further certifies that the Motion (Dkt. 29) contains 3,692 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 10, 2023

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendant
OLD NAVY, LLC