UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01413-SSS-SPx | Date | April 19, 2023 |
|---|---|---|---|
| Title | *Miguel Licea v. Old Navy, LLC* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DKT. 29]**

Before the Court is Defendant Old Navy's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  [Dkt. 29].  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion.

## I.   BACKGROUND

Defendant is a Delaware corporation operating a chain of department stores. Defendant's website includes a customer chat feature.  Plaintiff's suit concerns two functions allegedly embedded in the chat feature.  The first allows Defendant to "record[] and create[] transcripts" of all customer conversations conducted in the chat.  [Dkt. 14 ¶ 11].  The second allows third-party companies ("Salesforce") to intercept customer chats in "real time" and "retain transcripts."  [*Id*.].  Plaintiff represents a proposed class of consumers who have accessed Defendant's website and used the chat feature.

---

[1] Unless stated otherwise, "Rule" refers to the Federal Rules of Civil Procedure.

In the operative first amended complaint ("FAC"), Plaintiff asserts two causes of action under Sections 631 and 632.7 of the California Invasion of Privacy Act (Cal. Penal. Code §§ 630–38, "CIPA").  These two sections address wiretapping and eavesdropping, respectively.  Plaintiff alleges that Defendant is both directly and indirectly liable for assisting Salesforce (or any other third party) in violating these provisions.  Salesforce is not a named party to this action.

## II.   LEGAL STANDARD

Rule 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A defendant may move to dismiss a complaint under Rule 12 for any one of several specified grounds, including failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of the claims asserted in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Subject to Rule 12(b)(6), the Court reviews the complaint for facial plausibility.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ."  *Twombly*, 550 U.S. at 555 (citations and footnote omitted).

In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).  Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In accordance with the Federal Rules' liberal pleadings standards, a claimant should be granted leave to amend its pleadings following a successful motion to dismiss unless the Court finds "undue delay, bad faith or dilatory motive on the part of the [nonmoving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

### A. First Cause of Action under Section 631(a)

Section 631(a) prohibits "intentional wiretapping," "willfully attempting to learn the contents or meaning of a communication in transit over a wire," or "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *In Re Google Assistant Privacy Litigation*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020).

#### 1. Interception

Defendant argues Plaintiff failed to plausibly allege that any communications were intercepted in transit as required by Section 631(a). [Dkt. 29 at 11]. *See Mastel v. Miniclip SA*, 549 F. Supp. 3d at 1135 ("[T]he second clause only imputes liability when the defendant reads, or attempts to read, a communication that is <u>in transit</u> or <u>passing</u> over any wire, line, or cable, <u>or is being sent from, or received</u> at any place within California") (internal quotations omitted) (emphasis in original). According to Defendant, Plaintiff provides only "barebone allegations that the chat communications were 'intercept[ed].'" [*See* Dkt. 31 at 11]. The Court disagrees.

The Supreme Court of California has simplified Section 631(a) as "three distinct and mutually independent patterns of conduct: intentional wiretapping, willfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Court of San Diego Cty.*, 583 P.2d 737, 741 (Cal. 1978). Courts have determined that Section 631(a) applies to internet communications. *Id*; *see also Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 144107 (9th Cir. May 11, 2022)

("Though written in terms of wiretapping, § 631(a) applies to internet communications.").

Analysis of CIPA violations is the same as the analysis for the federal Wiretap Act. *Saleh*, 562 F. Supp. 3d at 517. "Under the Wiretap Act, 'contents' is defined as 'any information concerning the substance, purport, or meaning of [a] communication.'" *Id;* (quoting 18 U.S.C. § 2510(8)). The term "contents" is not intended to include record information, such as the name, address, or subscriber information of a website user. *In re Zynga Privacy Litigation*, 750 F.3d 1098, 1106 (9th Cir. 2014). Moreover, the Wiretap Act "defines 'intercept' as the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electric, mechanical, or other device." *Gonzalez v. Uber Technologies, Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018). Further, the interception must occur during the transmission, not when the communication is in electronic storage. *Id.*

Here, the Court finds that Plaintiff has pled sufficient facts to allege his communications were intercepted in transit. Plaintiff has alleged that Defendant uses a third-party service to "covertly embed[] code into its chat feature that automatically records and creates transcripts of all such private conversations," and "allows at least one third party . . . to secretly intercept in real time, eavesdrop upon, and retain transcripts of Defendant's chat communications with unsuspecting website visitors." [Dkt. 14 ¶ 11]. Defendant argues that Plaintiff's allegations are conclusory and require more factual support. Not so. On a motion to dismiss, Plaintiff's allegations are to be taken as true and all reasonable interferences are to be in Plaintiff's favor. *Am. Family Ass'n*, 277 F.3d at 1120. Under this standard, Plaintiff's allegations regarding interception are sufficient to survive a motion to dismiss.

Defendant also argues that Plaintiff's conversation was not "intercepted" because the third parties access the messages *after* they are electronically stored rather than while they are in transmission. However, factual disputes regarding whether third parties access the messages before they are stored are not proper for resolution at the motion to dismiss stage. Plaintiff has thus sufficiently pled that the communications were intercepted pursuant to Section 631(a).

### 2. Direct Liability

CIPA exempts from liability any individual or entity who is a "party" to the "communication," so that one participant in a conversation cannot be held to have wiretapped another. *Davis v. Facebook, Inc.*, 956 F.3d 589, 607 (9th Cir. 2020).

Defendant was a party to the customer chats at issue in Plaintiff's complaint. Thus, under this well-established "party exception," Plaintiff's claim that Defendant is directly liable for wiretapping fails, and amendment would be futile. *See Saleh*, 562 F.Supp.3d at 519.

Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiff's cause of action for direct liability pursuant to Section 631(a).

### 3. Derivative Liability

Alternatively, Plaintiff asserts that Defendant has violated CIPA's wiretap provision by "aid[ing] and abett[ing] . . . at least one third party [Salesforce] to eavesdrop upon conversations." [Dkt. 15 ¶¶ 11, 28, 35].

Defendant argues that Plaintiff failed to allege facts that Salesforce (or any other third-party vendor) recorded Defendant's customers' information for its independent use. [Dkt. 31 at 10]. Instead, Plaintiff provides vague and conclusory allegations that cannot support the supposed involvement of "Salesforce and/or its affiliate[s]." [*Id*. at 11].

The Court agrees that, in order to plead Defendant's liability for aiding and abetting, Plaintiff must first adequately plead Salesforce's (or any other third party's) underlying violations of the statute. The Court further concludes that in order to establish such violations, Plaintiff must provide facts suggesting that the third party recorded Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *see also Williams v. What If Holdings, LLC*, No. C 22-03780, 2022 WL 17869275, at *4 (N.D. Cal. Dec. 22, 2022) ("[T]he fact that [defendant] used software rather than a physical recording device for the same function does not mean that it aided and abetted wiretapping.").

Here, Plaintiff's sole relevant allegation that "Defendant . . . allows a third party to eavesdrop on such communications . . . to harvest data for financial gain" [Dkt. 14 ¶ 9] is too vague and conclusory to survive a motion to dismiss. The

Court thus **DISMISSES** Plaintiff's cause of action for derivative liability under Section 631(a) **WITH LEAVE TO AMEND.**

### B. Second Cause of Action under Section 632.7

Section 632.7 of CIPA imposes liability on any person who "without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."

The Court rejects Defendant's argument that Plaintiff's claim necessarily fails because Plaintiff cannot allege that *both* parties were using a qualifying telephone device to conduct the customer chats. Federal courts have generally characterized Section 632.7 as prohibiting "the intentional recording of any communication without the consent of all parties where *one of* the parties is using a cellular or cordless telephone." *McCabe v. Six Continents Hotels, Inc.* 2014 WL 465750 at *3 (N.D. Cal. Feb. 3, 2014) (emphasis added) (citing *Zephyr v. Saxon Mortg. Services, Inc.*, 873 F.Supp.2d 1223, 1225 (E.D. Cal. 2012)); *accord Roberts v. Wyndham Intern., Inc.*, No. 12-5180, 2012 WL 6001459 at *4 (N.D. Cal. Nov. 30, 2012); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 688 (E.D. Cal. 2009).

The interpretation of Section 632.7 as requiring only one party to use a cellular or cordless telephone comports with the California Supreme Court's discussion of the statute in *Flanagan v. Flanagan*, in which it stated that Section 632.7 prohibited the "intentional interception or recording of a communication involving a cellular phone or a cordless phone." 27 Cal. 4th 766, 776, 117 Cal. Rptr. 2d 574, 41 P.3d 575 (2002). While this analysis was not central to the Supreme Court's holding in *Flanagan*, the case offers insight into California's understanding of its own laws and is thus entitled to significant weight.

Here, Plaintiff's alleged communication with Defendant occurred via Defendant's chat feature on its website. [Dkt. 14 ¶ 13]. Plaintiff accessed Defendant's website using his smartphone. [*Id.* ¶ 15]. Smartphones are cellular phones with web capabilities and fall within the cellular phone category. Moreover, courts have applied Section 632.7 to internet-based communications and written communications. *See, e.g., People v. Nakai*, 183 Cal. App. 4th 499, 517 (Cal. Ct. App. 2010) ("[T]his court previously concluded that communication,

for purposes of section 632, includes conduct, i.e., the definition is not limited to oral or written dialogues." (internal quotations omitted)); *see also Adler v. Community.com, Inc.*, No. 2:21-cv-02416-SB-JPR, 2021 WL 4805435, at * (C.D. Cal. Aug. 2, 2021) (applying Section 632.7 to communications carried out via text message); *Brown v. Google*, 525 F. Supp. 3d 1049, 1073–74 (N.D. Cal. 2021) (concluding that internet-based communications can be included within the scope of Section 632.7 where the plaintiff had a reasonable expectation of privacy to the communications). Because Plaintiff contends that users of Defendant's website "share highly sensitive personal data" via its chat feature [Dkt. 14 ¶ 13], Plaintiff has sufficiently alleged that website users had a reasonable expectation of privacy and therefore the communications fall within the scope of Section 632.7.

The Court also rejects the Defendant's argument that Plaintiff consented to any alleged recording. [Dkt. 29 at 16]. Plaintiff explicitly pleads that he and the purported class members did not consent to the recording of their conversations with Defendant. [Dkt. 14 ¶ 19]; *see Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021) (finding that plaintiffs pleading that stated she did not consent to recording was sufficiently pled to overcome a 12(b)(6) motion); *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107 (9th Cir. 2022) (finding that the plaintiff met his pleading burden where he alleged he did not give express prior consent). Accordingly, Plaintiff sufficiently states a claim pursuant to Section 632.7.

### IV.  CONCLUSION

For the forgoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's first cause of action based on Defendant's direct liability under Section 631(a) is **DISMISSED WITH PREJUDICE**.
2. Plaintiff's first cause of action based on Defendant's liability for aiding and abetting third parties is **DISMISSED WITH LEAVE TO AMEND.**
3. Defendant's motion to dismiss Plaintiff's second cause of action is **DENIED**.

Plaintiff may file his second amended complaint on or before May 5, 2023. Plaintiff is further **DIRECTED** to file a "redlined" version of his complaint, identifying all additions and deletions of material, as an appendix to the amended complaint. An additional copy of this redlined version must be provided to Chambers by email at SSS_Chambers@cacd.uscourts.gov on the same day it is

filed electronically.  Plaintiff's failure to file a second amended complaint may result in dismissal with prejudice of his first cause of action.  Defendant must file its responsive pleading on or before May 19, 2023.

    **IT IS SO ORDERED.**