MORGAN, LEWIS & BOCKIUS LLP
Joseph Duffy, Bar No. 241854
joseph.duffy@morganlewis.com
Megan A. Suehiro, Bar No. 316104
megan.suehiro@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
OLD NAVY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LICEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01413-SSS-SP<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Sunshine S. Sykes<br>FAC Filed: Sept. 30, 2022 |

Defendant Old Navy, LLC ("Old Navy") hereby answers Plaintiff's First Amended Class Action Complaint filed on September 30, 2022 (Dkt. 14) (the "Complaint"), and asserts the following affirmative defenses. Any allegations not specifically admitted herein are denied.

## GENERAL DENIAL

Old Navy generally denies any allegation of unlawful conduct. Old Navy further denies that Plaintiff has suffered, or will suffer, any injury or damages, costs, or expenses, including attorneys' fees, in the manner or sum alleged, or in any manner or sum whatsoever, by reason of any act, breach, or omission of Old Navy or its predecessors, successors, agents, employees, or representatives.

Old Navy also asserts the following affirmative defenses herein. By alleging the defenses set forth below, Old Navy is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

## ANSWER TO COMPLAINT'S INDIVIDUAL ALLEGATIONS

## INTRODUCTION[1]

The Introduction of the Complaint states legal conclusions or arguments that do not require a response. To the extent a response is required, Old Navy denies the allegations in the Introduction of the Complaint.

## JURISDICTION AND VENUE

1.  Old Navy admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Except as specifically admitted, Old Navy denies the allegations in Paragraph 1 of the Complaint.

2.  Old Navy admits the allegations in Paragraph 2 of the Complaint for jurisdictional purposes only. Old Navy is without knowledge or information sufficient to form a belief as to whether and where the alleged acts and events occurred and denies those allegations on that ground.

---

[1] Old Navy includes herein the headings that appear in the Complaint for organizational purposes only.

3. Old Navy admits the allegations in Paragraph 3 of the Complaint for jurisdictional purposes only.

## PARTIES

4. Old Navy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and denies them on that ground.

5. Old Navy admits that it is a Delaware limited liability company that operates the website https://oldnavy.gap.com. Except as specifically admitted, Old Navy denies the allegations in Paragraph 5 of the Complaint.

6. Old Navy denies that it committed any unlawful acts. Old Navy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and denies them on that ground.

7. Old Navy is without knowledge or information sufficient to form a belief as to what Plaintiff believes and denies the allegations in Paragraph 7 on that ground.

## FACTUAL ALLEGATIONS

8. Paragraph 8 of the Complaint states legal conclusions or arguments. To the extent a response is required, Old Navy denies the allegations in Paragraph 8.

9. Old Navy denies the allegations in Paragraph 9 of the Complaint.

10. Old Navy denies the allegations in Paragraph 10 of the Complaint.

11. Old Navy denies the allegations in Paragraph 11 of the Complaint.

12. Old Navy admits that Plaintiff purports to quote from an article at the address listed in Paragraph 12 of the Complaint. Except as specifically admitted, Old Navy denies the allegations in Paragraph 12 of the Complaint.

13. Old Navy denies the allegations in Paragraph 13 of the Complaint.

14. Old Navy denies the allegations in Paragraph 14 of the Complaint.

15. Old Navy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and denies them on that ground. Moreover, Paragraph 15 of the Complaint states legal conclusions or arguments to which no response is required.

16. Paragraph 16 of the Complaint states legal conclusions or arguments. To the extent a response is required, Old Navy denies the allegations in Paragraph 16.

17. Old Navy denies the allegations in Paragraph 17 of the Complaint.

18. Old Navy denies the allegations in Paragraph 18 of the Complaint.

## CLASS ALLEGATIONS

19. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 19 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

20. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 20 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

21. This paragraph and its subparts do not contain factual allegations to which an answer is required. To the extent Paragraph 21 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint— or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

22. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 22 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

23. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 23 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

24. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 24 is construed to contain factual allegations that require a response, the allegations are denied. Old Navy specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

## FIRST CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

25. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

26. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FAC

27. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

28. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

29. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

30. Plaintiff's First Cause of Action was dismissed in its entirety with prejudice. *See* Dkt. 34. The allegations in this paragraph are therefore irrelevant and do not require any response.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

31. Paragraph 31 of the Complaint states legal conclusions or arguments. To the extent a response is required, Old Navy states that Section 632.7 speaks for itself.

32. Old Navy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and denies them on that ground.

33. Old Navy denies the allegations in Paragraph 33 of the Complaint.

34. Old Navy denies the allegations in Paragraph 34 of the Complaint.

35. Old Navy denies the allegations in Paragraph 35 of the Complaint.

36. Old Navy denies the allegations in Paragraph 36 of the Complaint.

//

//

//

## PRAYER FOR RELIEF

Old Navy denies that Plaintiff is entitled to any relief or remedy whatsoever, including, without limitation, the certification of a class action or other relief sought in subparts 1 through 9.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses thereto, subject to discovery and based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Old Navy asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each of its causes of action, fails to state a claim against Old Navy upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Complaint and all causes of action and forms of relief sought therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to assert any or all of the causes of action alleged in the Complaint, including, among other reasons, because they have sustained no damages or injury and, even if they have sustained injury or damages, such injuries or damages were not related to or caused by Old Navy's conduct. Plaintiff further lacks standing to seek the forms of relief sought by the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

The causes of action in the Complaint are barred by the doctrine of consent.

//

//

//

## FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence / Ratification)

The causes of action asserted in the Complaint are barred by the doctrines of acquiescence and/or ratification as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Damages or injuries suffered by Plaintiff, if any, are attributable to the conduct, acts, and/or omissions of third parties, and not Old Navy.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims and remedies are barred or limited by Plaintiff's failure to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The causes of action in the Complaint are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver / Release)

Plaintiff and the putative class members have waived and released whatever rights they may have had to assert any alleged cause of action against Old Navy, and are therefore barred from asserting the purported causes of action in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The causes of action asserted in the Complaint are barred because Plaintiff and the putative class members are estopped by their own actions and conduct from pursuing the claims in the Complaint.

//
//

## TENTH AFFIRMATIVE DEFENSE

**(Arbitration)**

The claims of certain putative class members are subject to an arbitration provision. Old Navy specifically reserves the right to seek arbitration of any arbitrable claims.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Justification)**

The causes of action asserted in the Complaint are barred because Old Navy's actions were justified under the circumstances and because they substantively further one or more countervailing interests.

## TWELFTH AFFIRMATIVE DEFENSE

**(Improper Class Action)**

To the extent Plaintiff purports to certify a class, Plaintiff's allegations do not give rise to class status as they cannot satisfy the requirements of Rule 23.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(No Entitlement to Damages or Injunctive Relief)**

Plaintiff and the putative class are barred from any recovery from Old Navy because Plaintiff cannot show that he or members of the putative class are entitled to damages or injunctive relief as a result of any acts or omissions by Old Navy.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(No Entitlement to Attorneys' Fees)**

The Complaint fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Adequate Legal Remedy)**

The injury or damage alleged by Plaintiff and putative class members, if any exists, would be adequately compensated in an action at law for damages. Plaintiff

and putative class members, therefore, have a complete and adequate remedy at law and are not entitled to seek equitable relief.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Defenses as to Each Putative Class Member)

Old Navy may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class and reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The causes of action asserted in the Complaint are barred by the doctrine of unclean hands as a result of the acts, conduct, and omissions of Plaintiff or of others that are attributable to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff voluntarily assumed the risk of any harm resulting from the acts alleged in the Complaint, and Plaintiff therefore may not recover for any alleged harm.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation to Raise Other Defenses)

Old Navy hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

### PRAYER

WHEREFORE, OLD NAVY prays as follows:

1. That Plaintiff and the putative class take nothing by the Complaint;
2. That judgment be entered in favor of Old Navy and against Plaintiff and the putative class;

3. That Old Navy be awarded costs and attorneys' fees incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: May 19, 2023

MORGAN, LEWIS & BOCKIUS LLP

By /s/ *Joseph Duffy*
Joseph Duffy
Attorneys for Defendant
OLD NAVY, LLC